IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MATTHEW H. SWYERS, )<br>)<br>*Plaintiff*, )<br>)<br>)<br>v. )<br>)<br>UNITED STATES PATENT AND )<br>TRADEMARK OFFICE, et al., )<br>)<br>*Defendants*. )<br>) | Civil Action No. 1:16-cv-1042 |

## Memorandum Opinion

This Matter comes before the Court on Defendants United States Patent and Trademark Office ("PTO") and defendant-employees Ronald Jaicks, Gerard Taylor, Leonardo Villarreal Alejandro, and a Jane Doe (collectively "Defendants") Motion to Dismiss for lack of subject matter jurisdiction. Dkt. No. 7. For the reasons discussed below, the Court GRANTS Defendants' Motion.

### I. Background

Plaintiff, Matthew Swyers, filed a Complaint seeking a declaratory judgment that the PTO lacks the authority to promulgate and enforce 37 C.F.R. §11.34(d) which, among other things, sets the statute of limitations for the PTO to bring a disciplinary action against an applicant; that the regulation is invalid; and that the PTO should not be permitted to use the regulation to determine the statute of limitations in disciplinary proceedings. The PTO moves to dismiss the complaint on the ground that this Court's decision in an earlier case brought by

Plaintiff collaterally estops the present action and the statutory scheme put in place by Congress precludes judicial review of Swyers' claims at this stage.

The PTO has implemented formal disciplinary proceedings against Plaintiff stemming from the Office of Enrollment and Discipline's ("OED") investigation into his patent practice. These proceedings are ongoing before an administrative law judge. Plaintiff previously challenged the OED investigatory and disciplinary scheme prior to the institution of the investigation. The Court granted Defendants' Motion to Dismiss Plaintiff's prior complaint, finding that the Court lacked jurisdiction to hear the claim because Congress intended through 35 U.S.C. § 32 to channel all Article III review of PTO disciplinary proceedings to a single court and only after the conclusion of administrative proceedings. *Swyers v. United States Patent and Trademark Office et al*, No: 1:16-cv-00015, Dkt. No. 31 (May 27, 2016) ("*Swyers I*").

Plaintiff's present suit challenges the statute of limitations for the OED to charge a violation of the PTO's Code of Professional Responsibility. 35 U.S.C. § 32 confers authority on the Director of the PTO, upon notice and opportunity for a hearing, to suspend or exclude from further practice before the PTO, any person who engages in incompetent, disreputable, or gross misconduct, or who does not comply with regulations established under § 2(b)(2)(D). The statute of limitations for such action is defined as "one year after the date on which the misconduct forming the basis of the proceeding is made known to an officer or employee of the office *as prescribed in the regulations established under section 2(b)(2)(D)*. *Id.* (emphasis added). Swyers contends that the regulation promulgated under 2(b)(2)(D) "eviscerates" and "disembowels" the statute of limitations because it provides that the statute of limitations only commences one year after the date on which the OED Director receives a grievance forming the basis of the complaint. 37 C.F.R. § 11.34(d). Therefore, the PTO can indefinitely suspend the

2

statute of limitations by delaying the submission of a grievance to the OED Director. Plaintiff has a vested interest in this finding because he alleges that it bears on a number of claims brought against him in the PTO disciplinary proceeding.

Defendants have moved to dismiss Plaintiff's complaint because they contend that § 32 requires Plaintiff to first litigate his claim to completion in the administrative process before challenging the statute of limitations provision in the district court. Defendants argue that the same analysis which justified the outcome in *Swyers I* controls this case and the result reached in *Swyers I* collaterally estops Plaintiff's present challenge. The matter has been fully briefed by the parties.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) permits the defendant to move for dismissal of a claim when the court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The court must dismiss the action if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Plaintiff bears the burden to establish that subject matter jurisdiction exists. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir.1999). A district court should grant a Rule 12(b)(1) motion if the material jurisdictional facts are known and the moving party is entitled to prevail as a matter of law. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991).

## III. Analysis

Defendants contend that Plaintiff's suit fails to establish subject matter jurisdiction for three reasons. First, Swyers is collaterally estopped from bringing his present suit by this Court's ruling in *Swyers I*. Second, even if the claim was not estopped, the reasoning in *Swyers I* applies with equal force to the present action and necessitates dismissal. Third, even if *Swyers I*

is inapplicable, a fair reading of the case law establishes that Swyer's present claim is of the sort intended to be reviewed first within the statutory framework to the exclusion of collateral District Court review. The Court agrees with Defendants that this case is collaterally estopped by the Court's decision in *Swyers I* and therefore need not reach the other arguments briefed by the parties.

Collateral estoppel requires proof of five elements. The movant must show that (1) the issue is identical to the one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; (4) that the prior judgment is final and valid; and that (5) plaintiff had a full and fair opportunity to litigate the issue in the first action. *Westmoreland Coal Co. v. Sharpe*, 692 F.3d 317, 331 (4th Cir. 2012).

Defendants contend that all of these conditions are met. First, Defendants describe the issue in the present litigation as "whether, through § 32, Congress created a streamlined system for review of disciplinary charges of misconduct against USPTO practitioners that channeled all Article III judicial review into a single vehicle at the conclusion of administrative proceedings such that a district court lacks jurisdiction over collateral attacks on misconduct charges." Defendants observe that this is precisely the issue litigated in *Swyers I*. Second, the court fully litigated this question in *Swyers I*—ultimately disposing of the matter on a motion to dismiss. Third, the jurisdictional finding was essential to the legal conclusion of the court because the court dismissed for lack of subject matter jurisdiction. Finally, Plaintiff had an opportunity to fully litigate the jurisdictional question in the prior action. The parties do not dispute the finality of the Court's previous order.

Plaintiff states that the PTO fails to assert any of the necessary elements of collateral estoppel but Plaintiff only directly challenges the first element. Plaintiff argues that *Swyers I* concerned whether the § 32 rules and regulations violated Swyers' Fourth and Fifth Amendment rights but the present case seeks, pursuant to the Administrative Procedure Act, the vacatur of a regulation issued pursuant to § 32 but which exceeds statutory authority. Therefore, the issues raised in the present suit are distinguishable from the constitutional claims in *Swyers I*. They were not even ripe for adjudication at the time that *Swyers I* was filed on January 6, 2016, because the PTO complaint was not filed until March 11, 2016.

However, Plaintiff's argument mistakes the scope of Defendants' estoppel claim. Defendants do not argue that a challenge to the regulation pursuant to the APA is estopped by a decision with respect to alleged constitutional violations under the color of PTO regulations. Rather, Defendants contend that a necessary predicate to both actions—the right to bring a challenge to the § 32 scheme prior to final adjudication through the administrative process—was decided in *Swyers I* and *that finding* collaterally estops Plaintiff from imploring the court to again review the legitimacy of an action taken under § 32 prior to completion of the administrative process. If, as Defendants' argue, a challenge to the statute of limitations for bringing a disciplinary action is of the type Congress intended to be reviewed within the statutory framework, then a litigant must comply with § 32 by exhausting the administrative process before resorting to suit in the district court. *See Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207 (1994).

Plaintiff's regulatory challenge is of the type Congress intended to be reviewed with this statutory scheme unless "a finding of preclusion could foreclose all meaningful judicial review", "the suit is wholly collateral to a statute's review provisions", or "the claims are outside of the

5

agency's expertise." *Swyers I*, slip op. at 18 (quoting *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477 (2010)). The parties do not dispute that the first and third factors do not support a collateral action. A finding that the matter must be fully adjudicated in the administrative proceedings does not foreclose meaningful judicial review because § 32 expressly provides for review by the Court upon the conclusion of the administrative proceeding. *See* 35 U.S.C. § 32. Furthermore, the procedural rules governing PTO disciplinary action are within the agency's expertise. As evidence, the statute expressly delegates that the agency shall issue regulations identifiying which officer must be notified in order to start the clock on the statute of limitations. *Id.* ("one year after the date on which the misconduct forming the basis of the proceeding is made known to an officer or employee of the office as prescribed in the regulations established under section 2(b)(2)(D).").

Plaintiff relies only on the second factor, arguing that his challenge is not subject to the statutory scheme because it is wholly collateral to the statute's review provisions. Specifically, Plaintiff argues that § 32 only permits review of the suspension or exclusion of a practitioner thus Congress did not intend that a challenge to the validity of the regulation would be funneled through the same review process. This argument fails in three respects.

First, § 32's requirement that a practitioner suffer suspension or expulsion before obtaining review from the Court is a test for determining whether the practitioner has standing to further litigate his claim; it is not a limitation on the scope of the appeal. The counterfactual proves this purpose. If Plaintiff was not refused recognition, suspended, or excluded at the end of the PTO adjudication then he would not have suffered an injury for which this Court could provide redress. This result would hold true whether or not Plaintiff was successful in challenging the statute of limitations before the PTO. Without injury, any subsequent opinion

6

rendered by the Court would be an improper advisory opinion. *See United States v. McClure*, 241 F. App'x 105, 108 (4th Cir. 2007) ("the Supreme Court linked satisfaction of the redressability prong to the assurance that the case 'does not entail the issuance of an advisory opinion ... and that the exercise of a court's remedial powers will actually redress the alleged injury.'") (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 129 (1983)).

Second, Swyers' reading of § 32 strains grammatical convention. When courts interpret statutes that include a limiting clause or phrase, they customarily adhere to the "rule of last antecedent" which "provides that a limiting clause or phrase ... should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Lockhart v. United States*, 136 S. Ct. 958, 962 (2016) (quotations omitted); *see also* 2A N. Singer, Sutherland on Statutory Construction § 47.33, p. 494 (7th rev. ed. 2008) ("Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent."). Section 32 describes the Court's jurisdiction thusly: "The United States District Court for the Eastern District of Virginia...may review the action of the Director upon the petition of *the person so refused recognition, suspended, or excluded*" *Id.* (emphasis added). The clause beginning with "so refused" is preceded by the "person" who brings the petition. Thus "person" is the last antecedent of the limiting clause. "[S]o refused" does not, as Swyers argument would require, limit or qualify the "action" subject to review, which is part of a different clause altogether. While the rule of last antecedent can be overcome where context or considerations compel a different approach, there are no "special reasons [] for so construing the clause in question" to overcome the last antecedent construction in this case. *Porto Rico Railway, Light & Power Co. v. Mor*, 253 U.S. 345, 348 (1920).

Third, the Court's analysis in *Swyers I*, and the cases it cites, illustrate that challenges to the administrative process are not wholly collateral where they bear on the challenging party's administrative proceeding. *See Elgin v. Dep't of Treasury*, 132 S. Ct. 2126, 2139 (2012) (finding that a claim was not wholly collateral because "petitioners' constitutional claims are the vehicle by which they seek to reverse the removal decisions"); *Tilton v. SEC*, 824 F.3d 276, 287 (2d Cir. 2016) ("a claim is not wholly collateral if it has been raised in response to, and so is procedurally intertwined with, an administrative proceeding—regardless of the claim's substantive connection to the initial merits dispute in the proceeding."); *Jarkesy v. SEC*, 803 F.3d 9, 23 (D.C. Cir. 2015) ("Jarkesy's constitutional and APA claims do not arise 'outside' the SEC administrative enforcement scheme—they arise from actions the Commission took in the course of that scheme. And they are the "vehicle by which" Jarkesy seeks to prevail in his administrative proceeding."); *cf. Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. at 487 (noting that suit was brought by the Free Enterprise Fund which was not itself subject to the administrative procedure).

*Jarkesy* is especially instructive because that court observed that "Jarkesy pressed the same claims as affirmative defenses before the ALJ, and pressed them again to the Commission on review of the ALJ's initial decision." *Id.* Therefore it was difficult for the court "to see how [the claims] can still be considered collateral to any Commission orders or rules from which review might be sought, since the ALJ and the Commission will, one way or another, rule on those claims and it will be the Commission's order that [Jarkesy] will appeal." *Id*; *see also Bebo v. SEC*, No. 15-C-3, 2015 WL 905349, at *4 (E.D. Wis. Mar. 3, 2015) ("Bebo complains that she is limited to raising her constitutional arguments as 'affirmative defenses' before the SEC ALJ. Even so...[a]ppellate review in the court of appeals is sufficient."), *aff'd*, 799 F.3d 765 (7th Cir.

8

2015), *cert. denied*, 136 S. Ct. 1500, 194 L. Ed. 2d 588 (2016). "[T]he statute of limitations is an affirmative defense." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 653 (4th Cir. 2006). Accordingly, it can be reviewed by the district court after being raised in the administrative proceeding. Plaintiff's facial challenge to the statute of limitations regulation is only a precedent to, and entwined with, his affirmative defense that the statute of limitations has run. Furthermore, the PTO has provided arguments to the presiding ALJ in opposition to the merits of Plaintiff's position on § 11.34(d) ensuring that the issue will be fully litigated through the administrative process.

As discussed above, the logic and language of § 32 sets forth a standing requirement for appeal to the district court but does not limit the issues which the court can consider on appeal. Furthermore a defense based on the statute of limitations, even if it includes a challenge to the calculation of the operative period, is within the purview of the administrative agency. Accordingly, Plaintiff's challenge is not "wholly collateral" to the administrative proceeding. Because the challenge is not wholly collateral, Congress intended that it be reviewed within the § 32 scheme. Thus the nature of Plaintiff's claim today is no different from the one the Court ruled on in *Swyers I* and Plaintiff is collaterally estopped from bringing this challenge until after the completion of the administrative process.

## IV. Conclusion

For the reasons discussed above, and for good cause shown, the Court ORDERS that Defendants' Motion to Dismiss for lack of subject matter jurisdiction is GRANTED.

November __ 2016
Alexandria, VA

/s/
Liam O'Grady
United States District Judge